John D. Fiero (CA Bar No. 136557)
Debra I. Grassgreen (CA Bar No. 169978)
John W. Lucas (CA Bar No. 271038)
Jason H. Rosell (CA Bar No. 269126)
PACHULSKI STANG ZIEHL & JONES LLP
150 California Street, 15th Floor
San Francisco, CA 94111
Telephone:    (415) 263-7000
Facsimile:    (415) 263-7010
E-mail:       jfiero@pszjlaw.com
              dgrassgreen@pszjlaw.com
              jlucas@pszjlaw.com
              jrosell@pszjlaw.com

Proposed Counsel for Debtor

Signed and Filed: September 11, 2015

**HANNAH L. BLUMENSTIEL**
**U.S. Bankruptcy Judge**

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>NEWZOOM, INC.,[1]<br><br>                   Debtor. | Case No. 15-31141-HB<br><br>Chapter 11<br><br>**ORDER (A) FIXING DEADLINE FOR FILING REQUESTS FOR PAYMENT OF ADMINISTRATIVE EXPENSES AND (B) APPROVING FORM AND MANNER OF NOTICE** |

This matter came before the Court upon the motion (the "<u>Motion</u>")[2] of the above-captioned debtor in possession (the "<u>Debtor</u>") for the entry of an order: (i) establishing a bar date for administrative expense claims asserted under section 503(b)(9) of the Bankruptcy Code; (ii) approving the form, manner, and sufficiency of notice of the section 503(b)(9) bar date, and (iii) granting related relief.  The Court having reviewed the pleadings filed in support of the Motion; having heard the argument and representations of counsel, and having determined that notice of the hearing was adequate under the circumstances, and good cause appearing for the relief requested:

---

[1] The last four digits of the Debtor's tax identification number are 9130.  The location of the Debtor's headquarters and service address is 22 Fourth Street, San Francisco, CA 94103.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

DOCS_SF:88695.2

**IT IS HEREBY ORDERED THAT:**

1. The Motion is **GRANTED**.

2. The form of the Section 503(b)(9) Bar Date Notice is approved.

3. The Debtor shall cause the Section 503(b)(9) Bar Date Notice to be served no later than September 25, 2015, upon (i) all of the Vendors that have invoiced the Debtor within the past 18 months, and (ii) any party filing a request for notice pursuant to Bankruptcy Rule 2002, by United States first-class mail, postage prepaid. The Debtor shall not be required to publish the Section 503(b)(9) Bar Date Notice.

4. The Section 503(b)(9) Bar Date shall be October 26, 2015.

5. All persons or entities holding a Section 503(b)(9) Claim against the Debtor are required to file a Section 503(b)(9) Claim Request no later than the Section 503(b)(9) Claim Bar Date.

6. Any holder of a Section 503(b)(9) Claim that fails to file a Section 503(b)(9) Claim Request by the Section 503(b)(9) Bar Date and in accordance with the procedures set forth in this Order is forever barred, estopped, and permanently enjoined from asserting its Section 503(b)(9) Claim against the Debtor, its estate, or its property, and such holder shall not be entitled to receive any distribution in this chapter 11 case on account of such Section 503(b)(9) Claim or receive further notices regarding such Section 503(b)(9) Claim, absent further order of this Court (but shall not be prevented from filing non-priority general unsecured claims for such amounts prior to the applicable bar date).

7. The allowance and/or payment of the Section 503(b)(9) Claims is conditioned upon a Section 503(b)(9) Claimant's compliance with the Section 503(b)(9) Claims Procedures, which are as follows:

   a. All Section 503(b)(9) Claimants seeking payment of Section 503(b)(9) Claims from the Debtor must submit a Section 503(b)(9) Claim Request, in substantially the form attached to the Motion as Exhibit B, on or before the Section 503(b)(9) Bar Date in accordance with the procedures set forth in this Order.

   b. Each Section 503(b)(9) Claim Request must set forth with specificity the amount of the Section 503(b)(9) Claim, and the value of the Goods the

Section 503(b)(9) Claimant contends the Debtor received within the 20 days before the Petition Date.

  c. Each Section 503(b)(9) Claim Request must include or attach documentation identifying the particular invoices for which any such Section 503(b)(9) Claim is being asserted.

8. For any Section 503(b)(9) Claim Request to be timely and properly filed, a signed original of the completed Section 503(b)(9) Claim Request, together with any and all documentation, must be filed with the Claims Agent so that such Section 503(b)(9) Claim Request is delivered to and received by the Claims Agent no later than 4:00 p.m. (Pacific Time) on the Section 503(b)(9) Bar Date.

9. Holders of Section 503(b)(9) Claims must submit their Section 503(b)(9) Claim Requests online, in person, or by courier service, hand delivery, or mail. Facsimile submissions of Section 503(b)(9) Claim Requests will not be accepted, and a Section 503(b)(9) Claim Request will be deemed filed only when actually delivered to and received by the Claims Agent in accordance with the procedures set forth in the Section 503(b)(9) Bar Date Notice and this Order.

10. Section 503(b)(9) Claimants shall not file a motion to compel the allowance of payment of administrative expenses for their Section 503(b)(9) Claims. All timely and properly filed Section 503(b)(9) Claims shall be deemed allowed unless and until objected to by the Debtor or any other party-in-interest. Should an objection be filed by the Debtor or any other party-in-interest, the Section 503(b)(9) Claim shall be adjudicated by the Court following notice and a hearing.

11. Nothing in this Order shall preclude any Section 503(b)(9) Claimant from filing a motion seeking, after notice and a hearing, the earlier payment of Section 503(b)(9) Claims than as provided for herein if, and only if, such motion is predicated on events that have taken place in this case subsequent to the entry of this Order, and the Section 503(b)(9) Claimant filing such motion asserts that in light of such subsequent events, the earlier payment of Section 503(b)(9) Claims is necessary to ensure fair and equitable treatment of such Section 503(b)(9) Claimants or is otherwise appropriate under the circumstances.

3

12. Nothing in this Order shall be construed to limit, or in any way affect, the Debtor's ability to dispute any Section 503(b)(9) Claim on any ground, or to assert offsets against or defenses to such claim, as to amount, liability, or otherwise.

13. Nothing contained in this Order shall be deemed to constitute an assumption or rejection of any executory contract or prepetition or postpetition agreement between the Debtor and a Section 503(b)(9) Claimant or to require the Debtor to make any of the payments authorized herein.

14. This Court shall retain jurisdiction over any matters arising from or related to the implementation or interpretation of this Order.

**\*\*\*END OF ORDER\*\*\***