John D. Fiero (CA Bar No. 136557)
Debra I. Grassgreen (CA Bar No. 169978)
John W. Lucas (CA Bar No. 271038)
Jason H. Rosell (CA Bar No. 269126)
PACHULSKI STANG ZIEHL & JONES LLP
150 California Street, 15th Floor
San Francisco, CA 94111
Telephone: (415) 263-7000
Facsimile: (415) 263-7010
E-mail: jfiero@pszjlaw.com
dgrassgreen@pszjlaw.com
jlucas@pszjlaw.com
jrosell@pszjlaw.com

Attorneys for the Debtor

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>NEWZOOM, INC.,[1]<br><br>Debtor. | Case No.: 15-31141-HB<br><br>Chapter 11<br><br>**NOTICE OF (I) DEADLINE FOR CASTING VOTES TO ACCEPT OR REJECT DEBTOR'S SECOND AMENDED PLAN OF REORGANIZATION,<br>(II) CONFIRMATION HEARING, AND<br>(III) RELATED MATTERS AND PROCEDURES** |

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

1. On October 30, 2015, the above-captioned debtor (the "Debtor") filed (a) the *Debtor's Second Amended Chapter 11 Plan of Reorganization* (as the same may be amended or modified, the "Plan"); and (b) the related Disclosure Statement for the Plan (as the same may be amended or modified, the "Disclosure Statement").[2]

2. On October 30, 2015, the United States Bankruptcy Court for the Northern District of California (the "Court") entered an *Order (I) Approving Disclosure Statement, (II) Approving the Form and Manner of Service of the Disclosure Statement Notice,*

---

[1] The last four digits of the Debtor's tax identification number are 9130. The location of the Debtor's headquarters and service address is 22 Fourth Street, San Francisco, CA 94103.

[2] References to Exhibits and capitalized terms not otherwise defined in this Notice have the meanings given to such Exhibits and capitalized terms in the Plan.

*(III) Establishing Procedures for Solicitation and Tabulation of Votes on Plan, (IV) Scheduling Hearing on Confirmation of Plan of Reorganization, and (V) Approving Related Matters* (the "<u>Solicitation Procedures Order</u>").

3. Among other things, the Solicitation Procedures Order (a) approved the Disclosure Statement; (b) established certain procedures (collectively, the "<u>Solicitation Procedures</u>") for the solicitation and tabulation of votes (the "<u>Tabulation Rules</u>") to accept or reject the Debtor's Plan; (c) approved the contents of the proposed solicitation packages to be distributed to the Debtor's stakeholders and other parties in interest who are entitled to vote in connection with the solicitation of votes on the Plan (collectively, the "<u>Solicitation Packages</u>"); and (d) scheduled hearings on confirmation of the Plan and approved certain related notice procedures.

4. In accordance with the Solicitation Procedures, you have received with this Notice a ballot form (a "<u>Ballot</u>") and voting instructions appropriate for your Claim, as well as a copy of the Disclosure Statement and related solicitation materials. The following procedures apply with respect to voting your Claim:

   a. For your vote to accept or reject the Plan to be counted, you must complete all required information on the Ballot, execute the Ballot and return the completed Ballot to the address indicated on the Ballot **so that it is received by 4:00 p.m. (prevailing Pacific Time) on November 23, 2015** (the "<u>Voting Deadline</u>"). Any failure to follow the voting instructions included with the Ballot or to return a properly completed Ballot so that it is received by the Voting Deadline may disqualify your Ballot and your vote. ***You are encouraged to read the voting instructions carefully and review the Disclosure Statement before you vote.***

   b. The Voting Agent will calculate votes on the Plan in accordance with the Tabulation Rules approved under the Solicitation Procedures Order.[3]

5. If the holder of a Claim would like to challenge either (a) the classification of such Claim or (b) the allowance of such Claim for voting purposes in accordance with the Tabulation Rules, the claimholder, pursuant to Bankruptcy Rule 3018(a), must file a motion for an order temporarily allowing such Claim in a different amount or classification for purposes of voting to accept or reject the Plan and serve such motion on the counsel for each of the Notice Parties (as defined below) **so that it is received by November 23, 2015**. Unless the Court orders otherwise, a Claim will not be counted for voting purposes in excess of the amount determined in accordance with the Tabulation Rules.

6. Objections, if any, to the confirmation of the Plan must (a) be in writing; (b) state the name and address of the objecting party and the nature of the claim or interest of such party; (c) state with particularity the basis and nature of any objection; and (d) be filed with the Court and served on the following parties **so that any such objections are received no later than 4:00 p.m. (prevailing Pacific Time) on November 23, 2015**:

---

[3] A copy of the Tabulation Rules is attached to this Notice as <u>Annex 1</u>.

-2-

a. counsel to the Debtor, Pachulski Stang Ziehl & Jones LLP, 150 California Street, 15th Floor, San Francisco, CA 94111 (Attn: John D. Fiero);

b. Office of the United States Trustee, 235 Pine Street, Suite 700, San Francisco, CA 94104-3401 (Attn: Tracy Hope Davis);

c. counsel to the Official Committee of Unsecured Creditors, Sheppard, Mullin, Richter & Hampton, LLP, Four Embarcadero Center, 17th Floor, San Francisco, CA 94111-4109 (Attn: Ori Katz and Michael M. Lauter);

d. counsel to MIHI, Inc., Jones Day, 77 West Wacker Drive, Chicago, IL 60601 (Attn: Brad B. Erens) and Jones Day, 555 California Street, 26th Floor, San Francisco, CA 94104 (Attn: Joshua D. Morse); and

e. all other parties in interest that have filed requests for notice pursuant to Bankruptcy Rule 2002 in the Debtor's chapter 11 case (collectively, the "Notice Parties").

7. Under the Plan, Classes 1 (Priority Claims) and 3 (Other Secured Claims) are unimpaired and, therefore, are conclusively presumed to accept the Plan in accordance with section 1126(f) of the Bankruptcy Code. Under the Plan, Classes 5 (Preferred Interests) and 6 (Common Interests) are impaired and no holders of Claims classified in these Classes will receive distributions on account of such Claims; therefore, consistent with section 1126(g) of the Bankruptcy Code, Classes 5 and 6 will be deemed to have rejected the Plan. For the foregoing reasons, solicitation of Classes 1, 3, 5, and 6 (collectively, the "Non-Voting Classes") under the Plan is not required, and no Ballots have been proposed for creditors and equity security holders in these classes. Each holder of a claim or interest in the Non-Voting Classes that is not a Debtor or an affiliate of a Debtor will receive a Notice of Non-Voting Status.

8. In connection with confirmation of the Plan, the Debtor is seeking approval of certain releases that will become effective and binding on the Effective Date in accordance with the terms of the Plan and the Confirmation Order. These releases are described in detail in the Disclosure Statement.

9. On **December 2, 2015 at 2:30 p.m. (prevailing Pacific Time)**, a preliminary, non-evidentiary hearing to consider the confirmation of the Plan (the "Preliminary Confirmation Hearing") is scheduled to be held before the Honorable Hannah L. Blumenstiel (United States Bankruptcy Judge) in Courtroom 23 of the United States Bankruptcy Court for the Northern District of California (San Francisco Division), 225 Pine Street, 23rd Floor, San Francisco, CA 94104. In the absence of factual disputes, the Plan may be confirmed at the Preliminary Confirmation Hearing.

10. On **December 9, 2015 at 1:00 p.m. (prevailing Pacific Time)**, an evidentiary hearing to consider the confirmation of the Plan (the "Confirmation Hearing") is scheduled to be held, if necessary, before the Honorable Hannah L. Blumenstiel (United States Bankruptcy Judge) in Courtroom 23 of the United States Bankruptcy Court for the Northern District of California (San Francisco Division), 225 Pine Street, 23rd Floor, San Francisco, CA 94104.

5. Parties in interest may request copies of the Disclosure Statement and the Plan (excluding any publicly-filed exhibits thereto) by writing to NewZoom Ballot Processing, c/o Prime Clerk, LLC, 830 Third Avenue, 3rd Floor, New York, NY 10022. In addition, any party may review

the Plan, the Disclosure Statement and related exhibits without charge via the internet at https://cases.primeclerk.com/newzoom.

   6.  The Preliminary Confirmation Hearing and the Confirmation Hearing may be continued from time to time without further notice other than the announcement of the adjourned date at the Confirmation Hearing or any continued hearing.

Dated: October 30, 2015

**BY ORDER OF THE COURT**

*/s/ John D. Fiero*
John D. Fiero (CA Bar No. 136557)
Debra I. Grassgreen (CA Bar No. 169978)
John W. Lucas (CA Bar No. 271038)
Jason H. Rosell (CA Bar No. 269126)
PACHULSKI STANG ZIEHL & JONES LLP
150 California Street, 15th Floor
San Francisco, CA 94111
Telephone: (415) 263-7000
Facsimile: (415) 263-7010
E-mail:  jfiero@pszjlaw.com
     dgrassgreen@pszjlaw.com
     jlucas@pszjlaw.com
     jrosell@pszjlaw.com

Attorneys for the Debtor

**ANNEX 1**

# VOTE TABULATION RULES[1]

## *Allowance and Disallowance of Claims for Voting Purposes*

1. Unless otherwise provided in the Tabulation Rules described below, each Unsecured Claim in Class 4 under the Plan will be deemed temporarily allowed for voting purposes in an amount equal to the full stated amount claimed by the holder of such Claim in any timely filed proof of Claim, to the extent that the proof of Claim specifies a fixed or liquidated non-contingent amount. Any additional expressly contingent or unliquidated amount will be temporarily disallowed for voting purposes.

2. If a Claim for which a proof of Claim has been timely filed is (i) marked or identified as contingent or unliquidated on its face and/or (ii) does not otherwise specify a fixed or liquidated amount, such contingent or unliquidated Claim will be temporarily allowed for voting purposes in the amount of $1.00.

3. If a proof of Claim has not been filed by the Record Date, but could be filed on such date and still be deemed timely filed, such Claim will be allowed for voting purposes at the amount indicated in the Debtor's Schedules, if any, and otherwise in the amount of $1.00.

4. If an objection to a Claim has been sustained by the Bankruptcy Court or a Claim has been settled by the Debtor and the claimant, such Claim will be disallowed or allowed in the settled amount for voting purposes, as the case may be, as set forth in the relevant Bankruptcy Court order or settlement agreement.

5. If the Debtor has filed and served an objection to a Claim as of November 9, 2015, such Claim will be temporarily allowed or disallowed for voting purposes in accordance with the relief sought in the objection. If an objection does not identify the proposed amount of a Claim (*e.g.*, if the Claim remains subject to estimation or liquidation), then such Claim will be temporarily allowed in the amount of $1.00.

6. In addition, the Debtor and each holder of a Claim will have until November 23, 2015 to file any motion pursuant to Bankruptcy Rule 3018 seeking to allow a claim for voting purposes at a certain amount. The request for relief sought in such Rule 3018 motion will be heard at the Preliminary Confirmation Hearing. Objections to any Rule 3018 motion must be filed no later than November 30, 2015. The Debtor may also enter into stipulations with holders of claims allowing such claims for voting purposes. Such stipulations must be filed with the Court on or before November 30, 2015.

7. If a Claim holder identifies a Claim amount on its Ballot that is less than the amount otherwise calculated in accordance with the Tabulation Rules, the Claim will be

---

[1] Defined terms contained in the Tabulation Rules have the meanings given to such terms in the Disclosure Statement Order or the Motion, as applicable.

temporarily allowed for voting purposes in the lesser amount identified on such Ballot.

8. Tort Claims (as defined in the Plan) will be allowed in the amount of $1.00 unless, pursuant to such claims, the claimant obtains an order of the Court allowing such Tort Claim in a higher amount.

### *Rules for Counting Votes to Accept or Reject Plan*

In tabulating the Ballots, the following procedures will apply:

1. Any Ballot that is properly completed, executed, and timely returned to the Voting Agent, but does not indicate an acceptance or rejection of the Plan, or indicates both an acceptance and rejection of the Plan, will not be counted.

2. If a creditor casts more than one Ballot voting the same claim before the Voting Deadline, the last properly executed Ballot received before the Voting Deadline will be deemed to reflect the voter's intent and, thus, will supersede any prior Ballots.

3. Creditors will be required to vote all of their claims within their Class under the Plan either to accept or reject the Plan and may not split their votes.

4. For purposes of the numerosity requirement of section 1126(c) of the Bankruptcy Code and based on the reasonable efforts of the Voting Agent, separate claims held by a single creditor in a particular class will be aggregated as if such creditor held one claim against the Debtor in such class, and the votes related to such claims will be treated as a single vote to accept or reject the Plan.

5. Where any portion of a single claim has been transferred to a transferee, all holders of any portion of such single claim will be (i) treated as a single creditor for purposes of the numerosity requirements in section 1126(c) of the Bankruptcy Code (and for the other voting and solicitation procedures set forth herein) and (ii) required to vote every portion of such claim collectively either to accept or reject the Plan.

6. In the event that a Ballot or a group of Ballots within a Class received from a single creditor partially rejects and partially accepts the Plan, such Ballots will not be counted.