John D. Fiero (CA Bar No. 136557)
Debra I. Grassgreen (CA Bar No. 169978)
John W. Lucas (CA Bar No. 271038)
Jason H. Rosell (CA Bar No. 269126)
PACHULSKI STANG ZIEHL & JONES LLP
150 California Street, 15th Floor
San Francisco, CA 94111
Telephone:     (415) 263-7000
Facsimile:     (415) 263-7010
E-mail:        jfiero@pszjlaw.com
               dgrassgreen@pszjlaw.com
               jlucas@pszjlaw.com
               jrosell@pszjlaw.com

Attorneys for Debtor

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re: | Case No. 15-31141-HB |
| NEWZOOM, INC.,[1] | Chapter 11 |
| Debtor. | **MOTION FOR ORDER APPROVING PLAN MODIFICATION; DECLARATION OF ANDREW HINKELMAN** |
| | Date:   December 16, 2015 [Requested]<br>Time:   1:00 p.m. (Pacific Time) [Requested]<br>Place:  Telephonic Hearing<br>Judge:  Hon. Hannah Blumenstiel |

**TO:     THE HONORABLE HANNAH BLUMENSTIEL,
UNITED STATES BANKRUPTCY JUDGE:**

Pursuant the *Findings of Fact, Conclusions of Law, and Order Confirming the Debtor's Third Amended Chapter 11 Plan of Reorganization, dated November 30, 2015* [Docket No. 294] (the "Confirmation Order"), NewZoom, Inc., the debtor and debtor-in-possession in the above-captioned case (the "Debtor"), hereby submits this motion (the "Motion") seeking approval of a certain non-material modification to the *Debtor's Third Amended Chapter 11 Plan of Reorganization* [Docket No. 258] (the "Plan").

---

[1]  The last four digits of the Debtor's tax identification number are 9130.  The location of the Debtor's headquarters and service address is 22 Fourth Street, San Francisco, CA 94103.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

1   This Motion is based on the following memorandum of points and authorities, the attached

2   declaration of Andrew Hinkelman (the "Hinkelman Declaration"), and any other evidence properly

3   before the Court.

4       **WHEREFORE**, the Debtor respectfully requests that the Court enter an order (a) modifying

5   the Plan as set forth herein; and (b) granting such other and further relief as is just and proper under

6   the circumstances.

7                    **MEMORANDUM OF POINTS AND AUTHORITIES**

8                                        **I.**

9                              **STATEMENT OF FACTS**

10  **A.    General Background**

11      On September 10, 2015 (the "Petition Date"), the Debtor filed a petition for relief under

12  chapter 11 of the Bankruptcy Code.

13      On September 21, 2015, the United States Trustee appointed an Official Committee of

14  Unsecured Creditors (the "Committee").  No trustee or examiner has been appointed in the Debtor's

15  chapter 11 case.

16      The Debtor has continued in the possession of its property and has continued to operate and

17  manage its business as a debtor in possession pursuant to sections 1107(a) and 1108 of the

18  Bankruptcy Code.

19  **B.    The Plan**

20      On October 30, 2015, the Court entered the *Order (I) Approving Disclosure Statement,

21  (II) Approving the Form and Manner of Service of the Disclosure Statement Notice, (III)

22  Establishing Procedures for Solicitation and Tabulation of Votes on Plan, (IV) Scheduling Hearing

23  on Confirmation of Plan of Reorganization and (V) Approving Related Matters* [Docket No. 192].

24      The Court entered the Confirmation Order on December 11, 2015.  The Plan's effective date

25  (the "Effective Date") has yet to occur and no distributions or other transactions have occurred in

26  connection with the Debtor's consummation of the Plan.

27

28

**C.     The Proposed Modification**

As the Plan now stands, the stock of the Debtor's subsidiaries other than ZoomSystems K.K. ("ZoomSystems Japan") would vest in the reorganized Debtor.  The requested modification to the Plan (the "Plan Modification") would add a section 7.12 to the Plan, which would state as follows:

**7.12     Other Foreign Subsidiaries**

The Debtor is hereby authorized, with the written consent of the Prepetition Lender and the Exit Facility Lender, to not have the stock that the Debtor holds in any non-debtor subsidiary revest in the Reorganized Debtor pursuant to the Plan, but rather to have such stock be transferred to a trust on terms acceptable to the Debtor, the Prepetition Lender and the Exit Facility Lender.  The vesting of such stock in such a trust does not prevent such subsidiaries from being deemed Affiliates whose Intercompany Claims are barred by Section 5.4 of the Plan.

The Plan Modification would thus provide the option of placing the stock or other interests that the Debtor possesses in ZoomSystems GmbH [German subsidiary], ZoomSystems Australia Pty Ltd (formerly named Imaging Technologies Pty Ltd.) [Australia], ZoomSystems UK Limited [UK] and ZoomSystems Limited [Hong Kong] (collectively, the "Trust Subsidiaries") into a trust rather than having such stock or other ownership interest vest in the reorganized Debtor on the Plan's effective date.

**II.**

**ARGUMENT**

Pursuant to section 1127(b) of the Bankruptcy Code, the Debtor requests the Plan Modification in accordance with section 15.10 of the Plan, which states:

The Debtor, with the consent of the Prepetition Lender and the Exit Facility Lender, may modify the Plan at any time after confirmation and before substantial consummation, provided that the Plan, as modified, meets the requirements of sections 1122 and 1123 of the Bankruptcy Code and the Bankruptcy Court, after notice and a hearing, confirms the Plan as modified, under section 1129 of the Bankruptcy Code, and the circumstances warrant such modifications. A holder of a Claim that has accepted the Plan shall be deemed to have accepted such Plan as modified if the proposed alteration, amendment or modification does not materially and adversely change the treatment of the Claim of such holder.

3

Section 1127(b) of the Bankruptcy Code provides:

> The proponent of a plan or the reorganized debtor may modify such plan at any time after confirmation of such plan and before substantial consummation of such plan, but may not modify such plan so that such plan as modified fails to meet the requirements of sections 1122 and 1123 of this title. Such plan as modified under this subsection becomes the plan only if circumstances warrant such modification and the court, after notice and a hearing, confirms such plan as modified, under section 1129 of this title.

11 U.S.C. § 1127(b).

The Plan Modification simply provides the Debtor and the recipient of the reorganized Debtor's equity under the Plan with flexibility to determine whether the Trust Subsidiaries are necessary for future operations, or should be placed in a trust and ultimately dissolved. Further, the Trust Subsidiaries possess no material assets or operations, and the exclusion of the Trust Subsidiaries from the assets that will vest in the reorganized Debtor would have no impact on the reorganized Debtor's ability to perform its obligations under the Plan.

The Plan Modification will have no impact on any creditor or other party in interest in this case, as all provisions dealing with the funding of creditor distributions under the Plan will remain unchanged. As such, the Plan Modification complies with section 15.10 of the Plan and section 1127(b) of the Bankruptcy Code because the Plan Modification will have no impact on the holder of any claim against the Debtor and the Plan, as modified, will continue to satisfy the requirements under sections 1122 and 1123 of the Bankruptcy Code.

### III.

### CONCLUSION

For all of the foregoing reasons, the Debtor requests that the Court approve the Motion and enter an order approving the Plan Modification. A proposed form of order is annexed hereto as **Exhibit B**.

Dated:  December 11, 2015          PACHULSKI STANG ZIEHL & JONES LLP


By: */s/ John D. Fiero*
    John D. Fiero
    Attorneys for Debtor

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

# EXHIBIT A

## (Hinkelman Declaration)

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

**Declaration of Andrew Hinkelman**

I. Andrew Hinkelman, declare:

1.     I am the Chief Restructuring Officer of NewZoom, Inc., the above-captioned debtor and debtor in possession (the "Debtor") and a principal of FTI Consulting ("FTI").  The following is true of my own personal knowledge and, if called as a witness, I could and would testify competently thereto.

2.     I make this declaration in support of the *Motion for Order Approving Plan Modification* ("Motion").

3.     The Debtor filed its bankruptcy case on September 10, 2015 (the "Petition Date"). On or about September 21, 2015, the Office of the United States Trustee formed the Official Committee of Unsecured Creditors (the "Committee").  No trustee or examiner has been appointed in the Debtor's chapter 11 case.

4.     The Debtor has continued in the possession of its property and has continued to operate and manage its business as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5.     On October 30, 2015, the Court entered the *Order (I) Approving Disclosure Statement, (II) Approving the Form and Manner of Service of the Disclosure Statement Notice, (III) Establishing Procedures for Solicitation and Tabulation of Votes on Plan, (IV) Scheduling Hearing on Confirmation of Plan of Reorganization and (V) Approving Related Matters* [Docket No. 192].

6.     The Court entered its *Findings of Fact, Conclusions of Law, and Order Confirming Third Amended Plan of Reorganization, Dated November 30, 2015* (the "Confirmation Order") on December 11, 2015.  The Plan's effective date (the "Effective Date") has yet to occur and no distributions or other transactions have occurred in connection with the Debtor's consummation of the Plan.

7.     As the Plan now stands, the stock of the Debtor's subsidiaries other than ZoomSystems K.K. ("ZoomSystems Japan") would vest in the reorganized Debtor.  The requested modification to the Plan (the "Plan Modification") would add a section 7.12 to the Plan, and relate to

certain inactive subsidiaries of the Debtor which the Plan's sponsor may not want to take into the assets of the reorganized Debtor. The provision would state as follows:

**7.12 Other Foreign Subsidiaries**

The Debtor is hereby authorized, with the written consent of the Prepetition Lender and the Exit Facility Lender, to not have the stock that the Debtor holds in any non-debtor subsidiary revest in the Reorganized Debtor pursuant to the Plan, but rather to have such stock be transferred to a trust on terms acceptable to the Debtor, the Prepetition Lender and the Exit Facility Lender. The vesting of such stock in such a trust does not prevent such subsidiaries from being deemed Affiliates whose Intercompany Claims are barred by Section 5.4 of the Plan.

8. The Plan Modification would thus provide the option of placing the stock or other interests that the Debtor possesses in ZoomSystems GmbH [Germany subsidiary], ZoomSystems Australia Pty Ltd (formerly named Imaging Technologies Pty Ltd.) [Australia], ZoomSystems UK Limited [UK] and ZoomSystems Limited [Hong Kong] (collectively, the "Trust Subsidiaries") into a trust rather than having such stock or other ownership interest vest in the reorganized Debtor on the Plan's effective date. Such a modification would not have any effect on the unsecured or administrative creditors of this case.

9. For all the foregoing reasons, the Debtor asks that the Court approve the Plan Modification.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed this 11th day of December, 2015.

*/s/ Andrew Hinkelman*
Andrew Hinkelman

**EXHIBIT B**

**(Proposed Order)**

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

In re:

NEWZOOM, INC.,[1]

                                    Debtor.

Case No. 15-31141-HB

Chapter 11

**ORDER APPROVING PLAN**
**MODIFICATION**

NewZoom, Inc., the above-captioned debtor and debtor-in-possession (the "Debtor") having filed the Motion for Order Approving Plan Modification (the "Motion"); the Court having reviewed the Motion, including the requested Plan Modification; and the Court having found that (i) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1134, (ii) the relief requested in the Motion is a core proceeding pursuant to 28 U.S.C. §§ 157(b), (iii) notice of the Motion was sufficient under the circumstances, (iv) the requested relief is in the best interests of the Debtor, its estate, its creditors and other parties in interest and (v) the Plan Modification is appropriate under section 15.10 of the Plan;

**IT IS HEREBY ORDERED THAT:**

1. The Motion is **GRANTED**.

2. The Plan Modification is hereby approved.

3. The Court will retain jurisdiction to hear and determine all matters arising from or related to this Order.

**\*\*\*END OF ORDER\*\*\***

---

[1] The last four digits of the Debtor's tax identification number are: (9130). The location of the Debtor's headquarters and service address is 22 Fourth Street, San Francisco, CA 94103.