

Signed and Filed: January 20, 2016

HANNAH L. BLUMENSTIEL
U.S. Bankruptcy Judge

---

John D. Fiero (CA Bar No. 136557)
Debra I. Grassgreen (CA Bar No. 169978)
John W. Lucas (CA Bar No. 271038)
Jason H. Rosell (CA Bar No. 269126)
PACHULSKI STANG ZIEHL & JONES LLP
150 California Street, 15th Floor
San Francisco, CA 94111
Telephone: (415) 263-7000
Facsimile: (415) 263-7010
E-mail: jfiero@pszjlaw.com
dgrassgreen@pszjlaw.com
jlucas@pszjlaw.com
jrosell@pszjlaw.com

Counsel for Debtor

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>NEWZOOM, INC.,[1]<br><br>Debtor. | Case No. 15-31141-HB<br><br>Chapter 11<br><br>**ORDER PURSUANT TO 11 U.S.C. § 363 APPROVING THE ENGAGEMENT CONTRACT OF FTI CONSULTING INC. TO PROVIDE ANDREW HINKELMAN AS CHIEF RESTRUCTURING OFFICER OF THE DEBTOR AND TO ASSIST THE CRO, NUNC PRO TUNC TO THE PETITION DATE** |

Upon the motion (the "Motion")[2] of the above-captioned debtor and debtor in possession (the "Debtor") for the entry of an order approving the letter agreement (the "Engagement Contract") dated September 8, 2015, by and between the Debtor and FTI Consulting, Inc. ("FTI"); and upon consideration of the Hinkelman Declaration as supplemented; and due and proper notice of the Application having been given under the circumstances; and the Court being satisfied based on the representations made in the Application and the declarations filed by Andrew Hinkelman in support of the Motion [Docket Nos. 116, 157, 239, and 239] that neither FTI, nor Mr. Hinkelman represents an interest adverse to the Debtor's estate with respect to the matters upon which they are to be

---

[1] The last four digits of the Debtor's tax identification number are: (9130). The location of the Debtor's headquarters and service address is 22 Fourth Street, San Francisco, CA 94103.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Application.

DOCS_LA:291832.2 59938/002

engaged, and that their employment is necessary and would be in the best interests of the Debtor's estate, and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT**:

1. The Application is **GRANTED** as set forth herein.

2. The Debtor is authorized, *nunc pro tunc* to the Petition Date, to (i) employ and retain FTI on the terms set forth in the Engagement Contract, subject to the limitations set forth herein, which apply notwithstanding anything in the Engagement Contract or Application to the contrary; and (ii) designate Andrew Hinkelman as Chief Restructuring Officer ("CRO") of the Debtor.

3. All compensation and reimbursement due to, and other rights of, the CRO and FTI under the Engagement Contract shall be treated and allowed (subject to the compensation review procedures identified in this Order) as administrative expenses in accordance with section 503 of the Bankruptcy Code and shall be paid in accordance with the Engagement Contract.

4. The CRO and FTI shall not act in any other capacity (for example, and without limitation, as a financial advisor, claims agent or claims administrator or investor/acquirer) in connection with the above-captioned case.

5. In the event the Debtor seeks to have FTI personnel assume additional or different executive positions than the positions disclosed in the Application, to modify materially the functions of the persons engaged, or to materially change the terms of the engagement by either (i) modifying the functions of personnel, (ii) adding new personnel, or (iii) altering or expanding the scope of the engagement, a motion to modify the retention shall be filed.

6. No principal, employee or independent contractor of FTI shall serve as a director of the Debtor during the pendency of this case.

7. FTI shall file with the Court, with copies to the United States Trustee and all official committees, a report of staffing on the engagement for the previous month. Such report shall include the names and functions filled of the individuals assigned. All staffing shall be subject to review by the Court in the event an objection is filed.

8. FTI shall file with the Court (and serve copies on the United States Trustee and any official committees appointed in this case contemporaneously with such filing) reports of

2

compensation earned and expenses incurred on at least a quarterly basis.  Such reports shall contain summary charts which describe services provided, identify the compensation earned by each executive officer and staff employee, and itemize the expenses incurred.  Time records for the CRO and all Additional Personnel (i) be appended to the reports, (ii) contain detailed time entries describing the task(s) performed, and (iii) be organized by project category.  When personnel are providing services at an hourly rate, such personnel shall record their time entries in increments no greater than one-half hour (0.5).  All compensation shall be subject to review by the Court in the event an objection is filed.  The first quarterly report will be submitted forty-five (45) days from the end of the first calendar quarter after the Petition Date and will cover the period to and including the last day of the first quarter after the Petition Date.  This procedure will continue at three month intervals thereafter.

9. The Debtor is permitted to indemnify those persons serving as corporate officers pursuant to the Application on the same terms as provided to the Debtor's other officers and directors under the Debtor's bylaws and applicable state law.

10. For a period of three (3) years after the conclusion of the engagement, neither FTI nor any of its affiliates shall make any investments in the Debtor or the Reorganized Debtor.

11. FTI shall disclose any and all facts that may have a bearing on whether the firm, its affiliates, and/or any individuals working on the engagement hold or represent any interest adverse to the Debtor, its creditors, or other parties in interest.  The obligation to disclose identified in this subparagraph is a continuing obligation.

12. Notwithstanding anything to the contrary in paragraph 3 of Engagement Contract, the Debtor shall not be required to compensate FTI if the Debtor hires an employee of FTI.

13. The terms of this Order shall be immediately effective and enforceable upon its entry.

14. The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation of this Order.

***END OF ORDER***